**E-Filed 3/15/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER McCORMICK, an Individual.<br><br>            Plaintiff,<br><br>      v.<br><br>DR. JASON ALLEN REXROTH,<br><br>            Defendant.<br>―――――――――――――――――――――――<br>And Related Counter-claims and Cross-claims | Case Number C 09-4188 JF<br><br>**ORDER[1] (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>RE: Docket No. 26 |

## I. BACKGROUND

The above-entitled action arises from a physical altercation between Defendant Jason Allen Rexroth ("Rexroth"), a citizen of Iowa, and Plaintiff Christopher McCormick ("Christopher"), Third Party Defendant Stephen McCormick ("Stephen"), and Patrick Joseph Brown, Jr. ("Brown"), all citizens of California, on June 12, 2009 at the Hyatt Regency Hotel in Santa Clara, California. Christopher allegedly suffered serious injury as a result of the incident.

―――――――――――――
[1] This disposition is not designated for publication in the official reports.

Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)

1  Christopher filed the operative complaint for general negligence and intentional tort on August
2  7, 2009, in the Santa Clara Superior Court, seeking compensatory and punitive damages. On
3  September 17, 2009, Rexroth removed the case to this Court on the basis of diversity of
4  citizenship. Rexroth also filed a counterclaim against Christopher and third-party claims against
5  Stephen and Patrick alleging that they were the aggressors.

6  Following a police investigation of the altercation, Rexroth was charged in a criminal
7  complaint. Trial in that case, *People v. Rexroth*, Santa Clara Superior Court Case No.
8  CC947262, is scheduled to begin on May 3, 2010. Rexroth seeks to stay the instant action
9  pending resolution of the related criminal proceeding. Christopher, Stephen, and Brown
10 ("opposing parties") oppose the motion in part and ask that all discovery that does not relate to
11 the parties' testimony regarding the underlying incident proceed.[2] Rexroth seeks sanctions
12 against opposing counsel because the papers opposing his motion were filed late and contain
13 what he characterizes as "unreasonable and vexatious allegations." The briefing on the instant
14 motions is complete, and pursuant to Civil Local Rule 7-1(b), the Court has determined that
15 both motions are appropriate for determination without oral argument. For the reasons
16 discussed below, the motion to stay will be granted; the motion for sanctions will be denied.

## II. DISCUSSION

**A.    Motion to Stay**

19 It is within the court's discretion to stay civil proceedings "'when the interests of justice
20 seem to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th
21 Cir. 1995) (quoting *United States v. Kordel*, 391 U.S. 1, 12 n.27 (1970)). The decision is made
22 "'in light of the particular circumstances and competing interests involved in the case'" and
23 considering the "extent to which the defendant's Fifth Amendment rights are implicated." *Id.* at
24 324 (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).
25 Additional factors include: (1) the interests of the plaintiff in proceeding and the potential
26 prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the

---

[2] Stephen and Brown join in Christopher's opposition to the motion.

2
Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)

convenience of the court in managing its case load; (4) the interests of third parties; and (5) the interest of the public in the pending civil and criminal proceedings. *Id.* at 324-35.[3]

### 1. Implication of Rexroth's Fifth Amendment Rights

Rexroth's motion to stay turns upon the extent to which his Fifth Amendment rights are implicated in the civil action. *Keating* at 324. When simultaneous civil and criminal proceedings involve "the same or closely related facts," Fifth Amendment concerns may be sufficient to warrant a stay. *Chao v. Fleming*, 498 F. Supp 2d 1034, 1037 (W.D. Mich. 2007). Some courts have gone so far as to recognize the extent of the overlap as the "most important factor." *See id.* at 1039. In this case, there is no dispute that both actions arise from the "same nucleus of facts" pertaining to the physical altercation between the parties. *See Continental Ins. Co. v. Cota* (N.D. Cal. 2008) 2008 WL 4298372; *Jones v. Conte* (N.D. Cal. 2005) 2005 WL 1287017. This aspect of the analysis thus favors Rexroth.

Opposing parties concede that testimony regarding the events of June 12, 2009, will implicate Rexroth's Fifth Amendment rights, but they argue that discovery with respect to all other matters should continue because Rexroth has filed a counterclaim against Christopher and third-party claims against Stephen and Brown. They rely upon *Tene v. City & County of San Francisco*, No. C 00-03868 WHA, 2004 WL 1465726 (N.D. Cal. May 12, 2004). In that case, in his order granting the defendants' motion to dismiss the plaintiff's Section 1983 action, Judge Alsup considered the *Keating* factors and observed that

> the scales tip substantially in favor of denying the requested stay. Plaintiff is the one who commenced this civil litigation. By filing suit, plaintiff assumed the responsibility of proving through admissible evidence the serious allegations of his complaint. This is not a situation where plaintiff has been haled into this Court involuntarily as a defendant and presented with the dilemma of having to choose between asserting or waiving his Fifth Amendment rights. Plaintiff instead voluntarily invoked the procedures of this Court. To make him waive his Fifth Amendment rights in this civil case (or be exposed to certain consequences for not doing so) does not lead to such an intolerable or unjust result.

---

[3]These five factors, known as the "*Keating* factors," are nearly identical to the "*Molinaro* factors" referred to in the parties' papers, as the *Keating* court relied upon the Ninth Circuit's earlier decision in *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989). *See, e.g.*, *Keating*, 45 F.3d at 324-25.

*Tene*, 2004 WL 1465726, at *8. Opposing parties contend that, like the plaintiff in *Tene*, Rexroth "should not be able to hide behind the shield of the Fifth Amendment while also using civil litigation as a sword." (Pl.'s Opp'n 5.)

This argument is unpersuasive. In *Tene*, Judge Alsup found explicitly that "the issues raised in this civil action are separate and distinct from the alleged criminal activity that occurred some time ago and is the subject of the criminal proceeding." (*Id.* at *9.) Here, as described above and as conceded by the parties, the factual issues in the two cases are essentially the same. In addition, though Rexroth has filed counterclaims and third-party claims in this action, he did not initiate the action but was "haled into this court involuntarily as a defendant."

### 2. Other *Keating* Factors

The extent to which the pending civil action implicates the Fifth Amendment privilege of a defendant is "a significant factor," but is "only one consideration to be weighed against others." *Keating* at 326. As noted previously, courts also consider: (1) the interests of the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the convenience of the court in managing its case load; (4) the interests of third parties; and (5) the interest of the public in the pending civil and criminal proceedings. *Id.* at 324-25. These inquiries are especially fact-specific, and courts' treatment and weighing of the factors varies widely.

#### a. Plaintiff's Interest and Defendant's Burden

Christopher argues that he has "a fundamental right to have this matter litigated in an expeditious manner" and will be prejudiced by the effect of the passage of time on evidence in his civil action. (Pl.'s Opp'n 5.) Christopher also argues that the longer the civil action is stayed, "the more time Rexroth has to move assets in an effort to dodge a punitive damages award," though there is no factual allegation in the record that Rexroth has attempted or is likely to do so. (*Id.*)

The Court concludes that although opposing parties' interests in moving forward are significant, they do not outweigh the burden on Rexroth of presenting his civil defense in a

4

Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)

manner that protects his Fifth Amendment rights. Though delay always has the potential to impact a party's evidence at trial, that risk is reduced here where the criminal trial is likely to begin within a matter of weeks. In addition, the fact that the witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony should reduce the danger that any testimony will be lost as a result of the stay.

### b. Convenience of the Court

The Court has an interest in managing its cases efficiently. *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 580 (S.D.N.Y. 2001) *Walsh Securities, Inc. v. Cristo Property Mgmt, Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998). Rexroth argues that the inconvenience to the Court here is slight because the instant civil litigation has just commenced. The opposing parties contend that a complete stay of the action would be inconvenient and inefficient because "resolution of the criminal case will not resolve the civil case in its entirety." (Pl.'s Opp'n 5.) While this is true, that does not mean that only a partial stay is appropriate. Given the proximity of the trial date in the criminal case, there is little to be gained from a situation in which the Court likely would be called upon to determine what types of discovery do and do not fall within the bounds of a partial stay.

### c. Interests of Third Parties and the Public

Christopher, Stephen, and Brown do not take issue with Rexroth's argument that "[i]f anything, the public interest lies in favor of a stay because '[t]he public has an interest in "ensuring that the criminal process is not subverted" by ongoing civil cases.'" (Mot. to Stay 5 (citing *Douglas v. United States*, Nos. C 03-04518 JW & C 04-05357 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).)

### 3. Bifurcation of Discovery

The opposing parties contend that "considerable discovery can take place which will not require Rexroth to invoke his Fifth Amendment rights and which will not involve inquiry into how the incident happened," and ask that the Court allow the parties to proceed with such discovery even while the criminal case is pending. (Pl.'s Opp'n 6.) They urge the Court to

5

"follow the holding in *Brewer v. Sayler*, 2010 U.S. Dist. LEXIS 6678 (E.D. Cal. July 7, 2009)."[4] In that case, the court granted a civil defendant's motion to stay as his deposition in an action alleging illegal hiring and RICO violations where the defendant was "the principal target of a Grand Jury-based criminal investigation in this District based *in part* on his role as the sole owner, through a corporation and trust, and as the President, CEO and Manager of SK Foods." *Brewer*, 2010 U.S. Dist. LEXIS 6678, at *4 (emphasis added). However, the court declined to stay the case entirely, explaining that

> [d]uring the hearing, the Court discussed with the parties the possibility of Plaintiffs proceeding with additional, specific interrogatories to obtain the information needed to proceed with this action. Plaintiffs agreed that interrogatories were an option and Defendant agreed to review proposed questions. Additional interrogatories would allow Plaintiffs to proceed with discovery and continue moving this action forward, while at the same time protecting Defendant's Fifth Amendment rights.

*Id.* at *6.

*Brewer* does not compel the bifurcation the opposing parties seek where Rexroth has not agreed to participate in any discovery, the criminal and civil actions are not only related "in part" but involve the exact same facts, and the criminal proceeding is not at the investigative stage but is set for trial in a matter of weeks.

**B.     Motion to Strike Opposition and Carasso Declaration and Levy Sanctions**

The papers opposing Rexroth's motion were filed on February 26, 2010, seven days later than required under the Court's Local Rules and without leave of Court. L.R. 7-3(a). The papers were accompanied by a declaration of Kimberly A. Carasso ("Carasso"), counsel for Christopher ("Carraso Declaration"). Though Carasso was not present at the hotel on the date of the incident, her declaration purports to summarize the underlying facts of the altercation that took place there. Paragraph 2 of the declaration states the basis for her factual assertions: "As

---

[4] The opposing parties' citation references two separate orders in *Brewer*: (1) *Brewer v. Sayler*, 1:06cv1324 AWI DLB, 2010 U.S. Dist. LEXIS **61285** (E.D. Cal. **July 7, 2009**); and (2) *Brewer v. Sayler*, 1:06cv1324 AWI DLB, 2010 U.S. Dist. LEXIS **6678** (E.D. Cal. **Jan. 8, 2010**). The Court will assume the latter citation was intended, as that order discusses the defendant's motion to stay.

6

Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)

the responsible attorney in this matter, I have reviewed the police report, the criminal complaint and have interviewed several witnesses in this matter." (Carasso Decl. ¶ 2.) The declaration also includes details regarding Rexroth's criminal case and communication between the parties to the instant litigation prior to Rexroth's filing of the instant motion.

Rexroth requests that the Court strike all of the opposing parties' filings because they were not filed timely. He also requests that the Court strike Carasso's declaration pursuant to Local Rule 7-5 and Federal Rule of Civil Procedure 56(e). Rule 56(e) requires that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Rexroth also points out correctly that, with the exception of the paragraphs relating to the parties' meet-and-confer process, the declaration is based on inadmissible hearsay and supported only by Carasso's personal beliefs. However, although the Court could strike the opposing papers, it declines to do so in light of the disposition of the motion. *See, e.g.*, *Herman Miller, Inc. v. Alphaville Design, Inc.*, No. C 08-03437 WHA, 2009 WL 86587, at *1 (N.D. Cal. Jan. 13, 2009) (granting plaintiff's request to strike defendants' untimely opposition).

Rexroth also requests that the Court impose sanctions against Christopher's counsel, both because the opposition papers were filed late and because Carasso's declaration "contains unreasonable and vexatious allegations." (Def.'s Reply 4.) To the extent that the request is based on F.R. Civ. Pro. 11, it is procedurally defective because Rexroth does not allege compliance with the provisions of the Rule. Rexroth identifies no other legal authority for his request, and in any event, the Court concludes that under all of the relevant circumstances an award of sanctions is not warranted.

### III. CONCLUSION

Good cause appearing, the motion to stay is GRANTED and the motion for sanctions is DENIED. The instant action will be stayed pending resolution of Rexroth's criminal trial or until further order by the Court. The hearing date on the instant motion is hereby vacated and

7

Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)

1    the case management conference is rescheduled for May 28, 2010, at 10:30 A.M.[5]

3    **IT IS SO ORDERED**

4    DATED: 3/15/2010

_____
JEREMY FOGEL
United States District Judge

---

[5] Rexroth also contends in his reply papers that the filing of the Carasso declaration has resulted in a waiver of the attorney-client and work-product privileges. The Court declines to address an issue raised for the first time in a party's reply papers. After the stay in the action is lifted, Rexroth may seek relief by noticed motion before the assigned magistrate judge.

8

Case No. C 09-4188 JF
ORDER (1) GRANTING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS
(JFLC3)